# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-1370V
(not to be published)

| | |
|---|---|
| LAUREN RETTIG,<br><br>     Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: July 7, 2020<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs; Administrative Time; Excessive Billing |

*Michael G. McLaren, Black McLaren et al., P.C., Memphis, TN,* for Petitioner.

*Adriana Ruth Teitel, U.S. Department of Justice, Washington, DC,* for Respondent.

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On September 28, 2017, Lauren Rettig filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration as a result of an influenza vaccine administered on October 2, 2014. (Petition at 1). On February 25, 2020, a decision was issued awarding compensation to Petitioner based on the parties' stipulation. (ECF No. 58).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated May 1, 2020 (ECF No. 63), requesting a total award of $41,108.03 (representing $38,209.00 in fees and $2,899.03 in costs). In accordance with General Order No. 9, Petitioner has offered a signed statement indicating that she incurred no out-of-pocket expenses. (ECF No. 63-3). Respondent reacted to the motion on May 11, 2020, indicating that he is satisfied that the statutory requirements for an award of fees and costs are met in this case, and defers to my discretion in determining the amount to be awarded. (ECF No. 64). Petitioner did not file a reply thereafter.

For the reasons set forth below, I hereby GRANT IN PART Petitioner's motion, awarding final attorney's fees and costs in the amount of **$36,349.95.**

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991). She "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S., at 434.

**ATTORNEY FEES**

    A.  <u>Hourly Rates</u>

I have reviewed the rates requested for the work of the various attorneys and legal staff involved in this case. The billing invoices indicate that most of the time billed was performed by Christopher Webb, plus some law clerks and paralegals. (ECF No. 63-2 at 55). All rates requested for time billed to the matter in 2018 or 2019 are consistent with what has been allowed for Mr. Webb in prior cases, and are therefore awarded here as well. In addition, for time billed in 2020, Mr. Webb is requesting an increased rate of $351.00 per hour. Based on my experience and applying the rate schedules utilized at OSM, I find the requested increase is reasonable and award it herein.

Petitioner also requests rates ranging from $153.00 per hour to $160.00 per hour for work performed by paralegals and law clerks. (*Id.*) The rates requested for all parties are consistent with what has been previously awarded for their work in the Vaccine Program for time billed through 2020.

    B.  <u>Duplicative Billing and Billing for Administrative Tasks</u>

Although the rates requested herein are subject to no change (or even increases in some cases), the *time* billed to this case is another matter.

Special masters have previously reduced the fees paid to petitioners due to excessive and duplicative billing. *See Ericzon v. Sec'y of Health & Human Servs.*, No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reduced overall fee award by 10 percent due to excessive and duplicative billing); *Raymo v. Sec'y of Health & Human Servs.*, No. 11-654V, 2016 WL 7212323 (Fed. Cl. Spec. Mstr. Nov. 2, 2016) (reduced overall fee award by 20 percent), *mot. for rev. denied*, 129 Fed. Cl. 691 (2016). Special masters have specifically noted the inefficiency that results when cases are staffed by multiple individuals and have reduced fees accordingly. *See Sabella*, 86 Fed. Cl. at 209. The attorneys at Black McLaren (Mr. Webb's law firm) have in particular had their requests for attorney's fees reduced for excessive and duplicate billing. *See,* e.g., *Wagner v. Sec'y of Health & Human Servs.,* No. 17-0407V, 2019WL4303281 (Fed. Cl. Spec. Mstr. June 28, 2019); *Digerolamo v. Sec'y of Health & Human Servs.,* No. 16-0920V, 2019 WL 4305792 (Fed. Cl. Spec. Mstr. June 28, 2019).

3

In reviewing the invoices submitted, I found several instances in which multiple attorneys and staff members reviewed the same documents and filings. Examples of these include:

- October 3, 2017 SRW (0.10 hrs) "Receive/Review notice of electronic case designation and acknowledgement of receipt of filed petitioner as of 09/28/2017; CJW (0.10 hrs) "Receive, review and note ECF designator"; (0.10 hrs) "Receive, review and note petitioner filing";

- October 30, 2017 (0.20 hrs) CJW "Receive, review and note notice of new staff attorney"; MGM (0.10 hrs) "Go over change in attorney status"; October 31, 2017 SRM (0.10 hrs) "Receive/review and note assignment of new staff attorney; save to file";

- May 29, 2018 (0.10 hrs) SRW "Receive/Review and note 240 day order"; May 30, 2018 (0.10 hrs) CJW "Receive, review and note 240 day order"; and

- November 19, 2018 CJW (0.20 hrs) "Receive, review, note scheduling order; November 20, 2018 SRW (0.10 hrs) "Receive/review and note scheduling order entered yesterday; update calendar."

(ECF No. 63-2 at 35, 36, 41 and 45 ).[3]

Accordingly, such duplicative and unnecessary billing provides grounds for adjusting downward the fees to be awarded.

It also appears that a number of entries in the billing records reflect work performed on tasks considered clerical or administrative. In the Vaccine Program, secretarial work "should be considered as normal overhead office costs included within the attorney's fee rates." *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014). "[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program." *Mostovoy*, 2016 WL 720969, at *5 (citing *Rochester*, 18 Cl. Ct. at 387).

Examples of these include:

---

[3] These are merely examples and not an exhaustive list.

4

- May 15, 2017 (0.20 hrs) "Set up new file; update client spreadsheet; calendar statute of limitations date;

- June 6, 2017 (0.40 hrs) "Receipt of invoice and medical records from the Movement Science Center; Work on scanning and saving documents to subfile folders; review invoice charges per state stature; update provider chart; copy of records sent to Chris Webb for review";

- August 16, 2017 (0.40 hrs) Receipt of immunization records from student health; Work on scanning and saving documents to subfile folders; review invoice charges per state stature; update provider chart; copy of invoice to Sherry Fearon for payment; copy of records sent to Chris Webb for review";

- August 31, 2017 (0.20 hrs) "Work on sending payment to online portal; update provider chart"; and

- October 11, 2017 (0.10 hrs) "Work on scanning and saving client affidavit; correspondence to Samantha Ward enclosing same."

(ECF No. 63-2 at 28, 29, 32 and 25).

Based upon the above, and pursuant to my authority to make across-the-board reductions in fees to be awarded when appropriate, I reduce the requested amount of attorney's fees to be awarded in the amount of ten percent, for a total reduction of **$3,820.90**.

## ATTORNEY COSTS

Petitioner seeks $2,899.03 in attorney's costs that include expenses associated with travel, medical records, postage, and filing. (ECF No. 63-2 at 55-56). Upon my review of the receipts submitted for travel, I find multiple problems regarding the amount of costs requested for reimbursement specifically regarding the costs for airfare and a car service. All travel was billed by Mr. Webb, who has had previous requests for costs reduced for the same reasons, yet continues to bill for travel that is *not* reimbursable by the Program.[4]

---

[4] Black McLaren has had requests for attorney's costs previously reduced for excessive airfare and other luxury costs in multiple cases, including but not limited to; *Wright v. Sec'y of Health & Human Servs.,* No. 12-0423V, 2018 WL 7051676 (Fed. Cl. Spec. Mstr. Dec. 10, 2018); *Digerolamo v. Sec'y of Health & Human Serv.,* No. 16-0920V, 2019 WL 4305792 (Fed. Cl. Spec. Mstr. Jun. 28, 2019); *Spivey v. Sec'y of Health & Human Serv.,* No. 18-0959V, 2019 WL 7580151 (Fed. Cl. Spec. Mstr. Dec. 12, 2019); and *Lepper v. Sec'y of Health & Human Servs.,* No. 18-0984V, 2019 WL 7580152 (Fed. Cl. Spec. Mstr. Dec. 12, 2019).

5

### A.     Airfare Costs

The submitted cost substantiation indicates that Mr. Webb booked a first-class flight from Memphis, TN to New Orleans, LA from October 15 - 16, 2017, for his meeting with Petitioner, for a cost of $873.10. (ECF No. 63-2 at 17). Petitioner claims that the first-class ticket was "cheaper than coach for desired times . . . [and] switched later for free"). (*Id*).

Counsel in this case has been *repeatedly* warned not to seek to bill the Vaccine Program for first class travel - but continues to do so. *See,* e.g., *Spivey v. Sec'y of Health & Human Servs.,* No. 18-0959V, 2019 WL 7580151 (Fed. Cl. Spec. Mstr. Dec. 12, 2019); *Lepper v. Sec'y of Health & Human Servs.,* No. 18-0984V, 2019 WL 7580152 (Fed. Cl. Spec. Mstr. Dec. 12, 2019); *Digerolamo v. Sec'y of Health & Human Servs.,* No. 16-0920V, 2019 WL 4305792 (Fed. Cl. Spec. Mstr. Jun. 28, 2019); *Wright v. Sec'y of Health & Human Servs.,* No. 12-0423V, 2018 WL 7051676 (Fed. Cl. Spec. Mstr. Dec. 10, 2018). Counsel has also been previously informed that if first-class travel costs continued to be submitted for reimbursement, they would be denied in their entirety. *See Robinson v. Sec'y of Health & Human Servs.,* No. 18-1134V, Slip. Op. 46 (Fed. Cl. Spec. Mstr. May 8, 2020).

I accordingly DENY the request for reimbursement of the airfare in its entirety. This reduces the reimbursable costs by **$873.10**.

### B.     Car Service Costs

Mr. Webb utilized the car service Uber X as transportation from the airport to his hotel and back for the return flight. This resulted in charges of $64.08. (ECF No. 63-2 at 12 - 14). While car transportation costs are generally compensable, Uber X is a luxury service that exceeds what is reasonable under the Vaccine Program. The attorneys of Black McLaren have previously had costs reduced for using these services. *See,* e.g., *Wright,* 2018 WL 7051676 at * 6; *Digerolamo,* 2019 WL 4305792, at *7; *Spivey,* 2019 WL 7580151; and *Lepper,* 2019 WL 7580152, at *3. Mr. Webb did not provide any reasoning as to why he used the luxury service for this portion of travel on his trip rather than taking a traditional Uber or a taxi service.

As Mr. Webb and the attorneys of Black McLaren have been made aware that luxury car services are not reimbursable by the Vaccine Program, I deny the request for the Uber X car services costs, reducing the amount of costs to be awarded by **$64.08**.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT IN PART Petitioner's Motion for attorney's fees and costs. I award a total of **$36,349.95** (representing $34,388.10 in fees, and $1,961.85 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[5]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.